| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | <u>2014CV1010600071</u> |
| | ) | CIVIL CASE NUMBER |
| **COUNTY OF CHARLESTON** | ) | |
| | ) | **IN THE MAGISTRATE'S COURT** |
| | ) | |
| | ) | **SUMMONS** |

Mark Fitzhenry
10 Brigadier Drive
Charleston, SC 29407
(843) 209-0278

PLAINTIFF(S)

Vs                                                                         AGENT

| | | |
|---|---|---|
| Lifewatch, Inc. | Evan Sirlin, Ind | South Carolina Secretary of State |
| 266 Merrick Road | 1344 Huckleberry Lane | 1205 Pendleton St., Ste. 525 |
| Lynbrook, NY 11563 | Hewlett, NY 11557 | Columbia, SC 29201 |

DEFENDANT(S)

### TO THE DEFENDANT(S) NAMED ABOVE:

**YOU ARE SUMMONED** and required to Answer the allegations and present any appropriate Counterclaims/Crossclaims to the attached Complaint/Counterclaim within THIRTY days from the first day after receipt of this Summons. Your Answer must be received by the:

**Charleston County**
**Small Claims - City**
**995 Morrison Drive  P. O. Box 941**
**Charleston, SC 29403**
**Phone: (843) 724-6720 Fax: (843) 724-6785**

If you fail to Answer within the prescribed time, a Judgment by Default will be rendered against you for the amount or other remedy requested in the attached Complaint, plus interest and costs. **If you desire a jury trial, you must request one within five (5) business days before the date of trial.** If no jury trial is timely requested, the matter will be heard and decided by the Judge.

# READ ATTACHED INSTRUCTIONS CAREFULLY

January 31, 2014

MV 38

STATE OF SOUTH CAROLINA    )    CASE NO.:2014 *CV10106000 71*

COUNTY OF CHARLESTON    )

MARK FITZHENRY    )
    )
    Plaintiff,    )
    )
    v.    )    **VERIFIED COMPLAINT**
    )
LIFEWATCH, INC. and EVAN SIRLIN,    )
Individually,    )
    )
    Defendants.    )
    )

FILED IN CHARLESTON COUNTY

JAN 3 0 2014

CITY SMALL CLAIMS COURT

**ADDRESS FOR REGISTERED AGENT OF DEFENDANT LIFEWATCH INC.,:**

Pursuant to S.C. Code Ann. § 15-9-245;
South Carolina Secretary of State
1205 Pendleton St., Ste. 525
Columbia, SC 29201

           **Refer to:**    LIFEWATCH INC.
                        C/O EVAN SIRLIN
                        266 MERRICK ROAD
                        Lynbrook, New York 11563

**ADDRESS FOR DEFENDANT EVAN SIRLIN, Individually:**

Evan Sirlin
1344 Huckleberry Lane
Hewlett, New York 11557

**ADDRESS FOR DEFENDANT JOHN DOE, A PERSON WHOSE TRUE IDENTITY IS UNKNOWN:**

Unknown.

Plaintiff complaining of the Defendants alleges as follows:

<u>**TYPE OF ACTION**</u>

1. This is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty.

## PARTIES

2. Plaintiff has residential phone service in Charleston County and the statutory violations and injury to Plaintiff occurred in Charleston County.

3. Defendant LIFEWATCH INC., is a New York corporation that conducts and transacts business in Charleston County.

4. Defendant LIFEWATCH INC., is not registered with the South Carolina Secretary of State.

5. Defendant LIFEWATCH INC., is registered in the State of New York as a for profit corporation.

6. Defendant LIFEWATCH INC., has registered the name "Lifewatch-USA" as a fictitious name with the State of Florida.

7. Defendant LIFEWATCH INC., (hereinafter "Lifewatch"), is registered in the State of Florida as a foreign for profit corporation.

8. Defendant EVAN SIRLIN, Individually, is a New York resident.

9. The 2013 Foreign Profit Corporation Annual Report for the State of Florida for Lifewatch, Inc., lists Evan Sirlin as its sole Officer/Director and President.

10. Upon information and belief, at the time of the call complained of herein, Defendant EVAN SIRLIN was the sole shareholder of Defendant Lifewatch, Inc.

11. Sirlin is listed as an owner of the fictitious name, "Lifewatch USA" with the State of Florida.

12. Defendant Sirlin, directly or by an agent, regularly does or solicits business in South Carolina.

2

13. Defendant Evan Sirlin, (hereinafter "Sirlin") directly or through agents, by act or omission or commission, caused tortious injury in South Carolina.

14. Defendant JOHN DOE, whose true identity is unknown, makes, or causes to be made, unsolicited prerecorded calls into the State of South Carolina on behalf of and for the benefit of Lifewatch and/or Sirlin.

15. In the course of marketing the goods or services of Defendants Livewatch and/or Sirlin, JOHN DOE deceptively conceals his own identity and the identities of Lifewatch and Sirlin.

16. Defendants Lifewatch and/or Sirlin, authorize JOHN DOE to solicit business or to engage in a persistent course of conduct into this State from which Defendants Lifewatch, Sirlin, and/or JOHN DOE derive substantial revenue from goods used or consumed or services rendered in this State.

## VENUE AND JURISDICTION

17. The Telephone Consumer Protection Act ("the TCPA or "the Act") consists of 47 U.S.C. § 227 as amended and the FCC's implementing rules (see generally 47 C.F.R. Part 64 Subpart 1200 and Part 318). The TCPA places conduct, record keeping, and disclosure requirements on entities engaged in telephone solicitations and facsimile transmissions, and it provides a private right of action by a consumer in State court in response to violations of the TCPA's regulations.

18. 47 U.S.C. § 227(d)(3) of the TCPA requires that all artificial or prerecorded telephone messages shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual.

3

19. The Truth in Caller ID Act, 47 U.S.C. § 227(e)(1), prohibits any person within the United States, in connection with any real time voice communications service, regardless of the technology or network utilized, to cause any caller ID service to transmit misleading or inaccurate caller ID information, with the intent to defraud or deceive.

20. 47 C.F.R. § 64.1200 (f)(9) defines the term "seller" as "the person or entity on whose behalf a telephone call or message is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person".

21. Defendants Lifewatch, Sirlin, their authorized resellers, and/or JOHN DOE fulfill the definition of "sellers" pursuant 47 C.F.R. § 64.1200 (f)(9).

22. 47 C.F.R. § 64.1200 (f)(11) defines the term "telemarketer" as "the person or entity that initiates a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person".

23. Defendant JOHN DOE, and/or any authorized resellers of the goods or services of Lifewatch through telemarketing, fulfill the definition of "telemarketer" pursuant 47 C.F.R. § 64.1200 (f)(9).

24. The Telemarketing Sales Rule (the "TSR") consists of regulations of the Federal Trade Commission ("FTC") at 16 C.F.R. Part 310 et. seq. The TSR places conduct, record keeping, and disclosure requirements on entities engaged in telephone solicitations.

25. The "TSR", at 16 C.F.R. Part 310.4(b), Abusive telemarketing acts and practices, forbids those engaged in telephone solicitations from failing and/or refusing to provide at the time of the call to the recipient of a telemarketing call with the true identity of the seller of the

goods or services being marketed, that the purpose of a telemarketing call was to sell goods or services and the nature of the good or services being marketed by the Defendants.

26. The "TSR", at 16 C.F.R. Part 310.7, requires any private person who brings an action under that act to serve written notice of its action on the Federal Trade Commission including a copy of the private persons complaint.

27. This cause of action arises out of conduct of Defendants causing the initiation of telephone call(s) to Plaintiff, to his residential telephone line in Charleston County.

28. The South Carolina Long Arm Statute, Section 36-2-803, allows South Carolina Courts to exercise personal jurisdiction over non-residents of the State who act directly or by an agent as to a cause of action in certain instances.

29. Plaintiff complains that the telemarketing used in the call (hereinafter, "THE CALL") complained of herein, violates The South Carolina Unfair Trade Practices Act, 39-5-20, which declares unfair or deceptive acts or practices in the conduct of any trade or commerce unlawful and that it is the intent of the legislature that the courts will be guided by the interpretations given by the Federal Trade Commission.

30. Venue and jurisdiction are proper in this Court pursuant to 47 USC § 227, 16 C.F.R. Part 310, the Constitution and Laws of the State of South Carolina and United States as they may apply.

## ACTS OF AGENTS

31. Whenever it is alleged in this complaint that Defendants did any act, it is meant that the Defendants performed, caused to be performed, authorized the performance of, and/or participated in the act and/or that Defendants' owners, officers, employees, contractors, assigns, successors, predecessors, affiliates, or other agent or entities performed or

5

participated in the act on behalf of, for the benefit of, and/or under the authority of the Defendants.

## BACKGROUND

32. On October 7, 2013, Defendant Sirlin signed a sworn affidavit stating, "As Lifewatch's CEO, I report to the board of directors, create the corporation's overall vision, formulate the corporation's overall business plan, oversee business operations, and create and spearhead opportunities for expansion and business development."

33. Lifewatch and Sirlin solicit others to market the goods and services of Lifewatch.

34. Lifewatch operates, or authorizes others to operate on its behalf, a website, www.lifewatch-usa.com.

35. One of the links on the website is titled "BECOME A LIFEWatchUSA AUTHORIZED RESELLER".

36. Defendant Sirlin, in his role as the CEO of Lifewatch, grants authority, directly or indirectly, to the authorized resellers of Lifewatch's to conduct outbound calls or telemarketing on behalf of himself and/or Lifewatch.

37. Upon information and belief, Lifewatch and Sirlin may not directly engage in "telemarketing" but contract, orally or in written contracts, with authorized resellers, agents, or third party marketing companies which Lifewatch and Sirlin refer to in their contract as "the Telemarketer".

38. The authorized resellers who Sirlin authorized to telemarket the goods and services of Lifewatch in THE CALL to the Plaintiff demonstrated to Plaintiff that they possess actual or apparent authority to make outbound calls on behalf of Lifewatch and himself to consumers they call.

6

39. THE CALL made to Plaintiff's residential telephone line was made on behalf of Lifewatch, Sirlin, and JOHN DOE.

40. The resellers Lifewatch and Sirlin authorize to market Lifewatch's goods and services evidence actual authority to consumers by having the ability to enter consumer information into Lifewatch's sales or customer's systems.

41. THE CALL was designed to deliver a prerecorded message to the called party and then transfer the call to a live operator or voice mail when a called party responds by pressing a certain key on their telephone.

42. Sirlin exerts control over the recorded messages and/or scripts used by the authorized resellers that telemarket the goods and services of Lifewatch.

43. Prior to the making of the call complained of herein, Sirlin was aware that Lifewatch's authorized resellers, agents, or other entities were making outbound calls on behalf of Lifewatch by delivering unsolicited prerecorded calls (robocalls) to residential telephone subscribers across the United States and/or into South Carolina that violated the TCPA.

44. As early as May 17, 2012, in a telephone conversation with Defendant Sirlin, the Plaintiff personally made Defendant Sirlin aware that Lifewatch's authorized resellers and/or Lifewatch's agents solicit business into South Carolina on behalf of Lifewatch and Sirlin, using unsolicited robocalls.

45. As early as May 17, 2012, in a telephone conversation, the Plaintiff personally made Defendant Sirlin aware that Lifewatch's authorized resellers and/or Lifewatch's agents solicited business into South Carolina on behalf of Lifewatch and Sirlin, using non-existent names.

46. Even after Sirlin was put on notice as to the illegal telemarketing being directed into the State of South Carolina on behalf of Lifewatch and Sirlin, Defendant Sirlin, through omission or commission, failed to take effective steps to stop the illegal telemarketing calls being made on his behalf and on behalf of Lifewatch.

47. Defendant Sirlin knew or reasonably should have known that Lifewatch's authorized resellers and/or agents were soliciting business into South Carolina on behalf of himself and Lifewatch, using non-existent names such as "Senior Assistance Program," "The Emergency Response Systems" or "Senior Defenders".

48. Defendant Sirlin knew or reasonably should have known that proceeds from the sale of Defendant Lifewatch's products were being diverted into a merchant account other than that of Defendant Lifewatch.

49. Lifewatch and/or Sirlin and their authorized dealers have been sued for the unlawful telemarketing used to sell Lifewatch's goods and services in Utah, California, Pennsylvania, Indiana, and South Carolina.

50. The call complained of herein, transmit false caller identification to the called party by the use of "CallerID spoofing" which served to conceal the true identity and callback numbers of the Defendants Lifewatch, Sirlin, JOHN DOE, thereby insulating them from liability for the call.

51. This fraudulent concealment did not stop with the prerecorded "Press 1 call" itself, but continued into the conversation with the live operator wherein the live operator deceptively claimed the call was on behalf of a non-existent entity, "Senior Assistance Program".

52. Upon information and belief, the contract between Lifewatch and its telemarketers included provisions requiring the telemarketers to comply with all federal, state, and local laws

8

including the Federal Trade Commission's Telemarketing Sales Rule, 16 C.F.R. 310 ("TSR") and the Federal Communication Commission's Telephone Consumer Protection Act, 47 U.S.C. § 227 and 47 C.F.R. 64.1200, (TCPA).

53. Upon information and belief, any contract for telemarketing services entered into by Lifewatch and/or Sirlin, with a telemarketer contained a termination provision in the event of "a material breach" of the agreement by one of the parties.

54. Upon information and belief, the contract used by Lifewatch is merely a ruse and an attempt by Lifewatch and Sirlin to shift the responsibility for compliance with Federal, State, and local telemarketing laws from Lifewatch and Sirlin to others.

55. Upon information and belief, Lifewatch and Sirlin did not exercise their right to terminate Lifewatch's authorized resellers when they were notified that their authorized resellers had violated the TCPA in the process of making outbound calls for the benefit of Lifewatch and Sirlin into the State of South Carolina.

56. The repeated use of unsolicited prerecorded calls to market Lifewatch's goods and services to residential telephone subscribers in South Carolina, continued unabated even after Sirlin was repeatedly put on notice of the tortious injury being caused to South Carolina telephone subscribers.

57. As early as May 17, 2012, during a telephone conversation with Plaintiff Fitzhenry, Defendants Sirlin and Lifewatch were made aware that illegal, unsolicited prerecorded "Press 1 calls" were being made to residential telephone subscribers in the State of South Carolina by third party telemarketers marketing Lifewatch's goods or services using "CallerID spoofing" and claiming the calls were being made on behalf of non-existent

companies such as "Senior Benefits" when in fact the calls were being made on behalf of Defendants Lifewatch and Sirlin.

58. On May 18, 2012, a TCPA complaint was filed in Charleston Count Small Claims Court, Jay Connor v. Lifewatch, Inc., TMI Marketing Group LLC, Davie Reilly, Individually, and Even Sirlin, Individually and John Doe, 12cv1010600760, complaining of violations of the robocall prohibition in of 47 U.S.C. § 227 (b)(1)(B) and the identity disclosure requirements in 47 C.F.R. 64.1200 (b)(1) and C.F.R. 64.1200 (b)(2).

59. On June 19, 2012, a TCPA complaint was filed in Charleston Count Small Claims Court, Jay Connor v. Lifewatch, Inc., Five States, LLC, Paul Wexler, Individually, and John Doe, 12cv1010600724, complaining of violations of the robocall prohibition in of 47 U.S.C. § 227 (b)(1)(B) and the identity disclosure requirements in 47 C.F.R. 64.1200 (b)(1) and C.F.R. 64.1200 (b)(2).

60. Upon information and belief, Lifewatch and/or Sirlin authorized, directed, participated in, contributed to, ratified, and accepted the benefits of the wrongful acts committed by Lifewatch, its authorized resellers, or others whose identities are currently unknown to Plaintiff in connection with the illegal and fraudulent telemarketing operations alleged in this complaint.

61. The telemarketing employed to market the goods and services of Lifewatch constitutes a tort in this State by an act or omission by Sirlin in doing or soliciting business, directly or by an agent in this State.

62. Sirlin's conduct as described herein, constitutes a "persistent course of conduct" into the State of South Carolina.

63. Defendants Sirlin and Lifewatch derive substantial revenue from goods or services used or services rendered in this State.

## DEFENDANTS' USE OF PRERECORDED TELEPHONE MESSAGES

64. Defendants use or cause to be used, directly and/or by their authorized agents, authorized resellers, or other entities acting on Defendants' behalf and for Defendants' benefit, one or more devices that call residential telephone subscribers and deliver messages using a prerecorded or artificial voice.

65. Defendants directly and/or by their authorized agents, authorized resellers, or other entities acting on Defendants' behalf and for Defendants' benefit, did cause the telephone call(s) alleged herein with a device that delivered messages using a prerecorded or artificial voice.

66. Defendants directly and/or by their authorized agents, authorized resellers or other entities, are aware of this device's designed operation and/or have knowledge that calls were being made using an artificial or prerecorded voice to deliver messages.

67. Defendants directly and/or by their authorized agents, authorized resellers, or other entities acting on Defendants' behalf and for Defendants' benefit, can exercise control over the content of the messages delivered by the artificial or prerecorded voice.

68. Defendants directly and/or by their authorized agents, authorized resellers, or other entities, can exercise control over the people who make the calls that deliver messages by artificial or prerecorded voice.

69. Defendants and/or their authorized agents, authorized resellers, or the other entities acting on their behalf, did not properly identity themselves in the body of the call as required by law.

70. Defendants and/or their authorized agents, authorized resellers, or the other entities acting on their behalf, did not properly identify themselves by delivering with the call true and accurate caller-ID information as required by law.

71. Defendants have violated the disclosure provisions of the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310.4(b).

## TELEPHONE CALL(S) MADE TO PLAINTIFF

### THE CALL

72. At all times relevant, Plaintiff had residential phone service at (843) 886-3170.

73. On or about November 20, 2013, a telephone call ("THE CALL") was made to a residential telephone line to which Plaintiff subscribed by or on behalf of the Defendants.

74. "THE CALL" consisted of an unsolicited prerecorded message.

75. Plaintiff did not give express informed consent to anyone to deliver a prerecorded call to his residential telephone line.

76. The caller identification information transmitted "ALERT" with the call and did not include the true name and/or identification of the party that placed the call as required by law.

77. The purpose of THE CALL was, among other things, to deliver a telephone message to the called party on behalf of and for the benefit of Defendant Lifewatch and/or Sirlin.

78. In THE CALL described herein, Defendants willfully and/or knowingly made the call and intended to deliver an unsolicited recorded message of solicitation to the called party.

79. Plaintiff has attached a transcript of THE CALL as EXHIBIT A.

### FIRST CAUSE OF ACTION - 47 U.S.C. 227 (b) (1) (B)

80. Paragraphs 1 through 79 are restated as if set forth herein.

81. Defendants did initiate, or cause to be initiated on their behalf, ONE (1) telephone call, to Plaintiff's telephone using an device designed to deliver an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

### Violation of identification requirements – 47 C.F.R. 64.1200 (b) (1)

82. Paragraphs 1 through 81 are restated as if set forth herein.

83. The recorded messages in THE CALL did not fulfill the requirements of 47 C.F.R. 64.1200(b)(1) in that during or after the message, state clearly the identity of such individual, business, or other entity making the call.

### Violation of identification requirements – 47 C.F.R. 64.1200 (b) (2)

84. Paragraphs 1 through 83 are restated as if set forth herein.

85. The recorded message in THE CALL did not fulfill the requirements of 47 C.F.R. 64.1200 (b)(2) in that during or after the message, state clearly the telephone number of such individual, business, or other entity making the call.

### Willful or Knowing Violations

86. Defendants' actions, as described in paragraphs 81, 83, and 85 manifest ONE knowing and/or willful actions in violation of 47 U.S.C. 227 within the meaning of the 1934 Communications Act and the Federal Communications Commission.

### PRAYER FOR RELIEF AND INJUNCTIVE RELIEF

87. WHEREFORE, Plaintiff prays for the following relief, temporarily and permanently:

88. For the statutory damages of $500 per violation, to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendants' violations of that TCPA and;

13

89.  For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of Defendants' willful and/or knowing violations of that TCPA listed in paragraph 81 above;

90.  Award Plaintiff, and/or other consumers within South Carolina, injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action;

91.  For injunctive relief barring the Defendants from engaging, directly or indirectly, in any form of telemarketing associated with the goods and services of Lifewatch or Sirlin.

92.  For unspecified punitive damages in an amount to be determined by this Court.

93.  For such other and further relief as the Court may deem just and proper.

94.  Plaintiff waives the excess of any award above the jurisdiction of the Court in effect at the time at the time judgment is rendered.

Respectfully submitted,
The 29th day of January, 2014.

Mark Fitzhenry
Plaintiff, *Pro Se*
10 Brigadier Drive
Charleston, SC 29407

## VERIFICATION

The undersigned states and swears that all the forgoing allegations are true and correct to the best of his knowledge and belief.

Mark Fitzhenry

Subscribed and sworn to before me by Mark Fitzhenry on this the 29th day of January, 2014.

Notary Public for South Carolina
My commission expires on 12/3/15.

14

## EXHIBIT A

"Hi. Uh, this is John from the Shipping Department of Emergency Medical Alert. Uh, I was calling to, uh, schedule the delivery of your medical alert system. It's, uh, the I've-fallen-and-I-can't-get-up type of system you've seen on TV. Looks like the system's been, um, recommended by thousands of hospitals and medical professionals. Uh. Let's see, [the sound of papers shuffling] it says here that system's already been paid for. Looks like you are getting the system because, uh, either yourself, a friend, a family member, or maybe someone you know has experienced a fall in the past so, uh, again, it's already been paid for and there's no cost to you whatsoever. Also says here that the shipping has been paid for, so to, uh, schedule the shipping of your medical alert system, press 1. Uh, again, uh, to, uh, have your system shipped out to you, press 1 now. Press 5 to decline..."

| STATE OF SOUTH CAROLINA | ) | <u>2014CV1010600071</u> |
|---|---|---|
| | ) | CIVIL CASE NUMBER |
| COUNTY OF CHARLESTON | ) | |
| | ) | IN THE MAGISTRATE'S COURT |
| | ) | |
| | ) | ANSWER |

Mark Fitzhenry
10 Brigadier Drive
Charleston, SC 29407
(843) 209-0278
PLAINTIFF(S)
_____

Vs                                                                AGENT

| Lifewatch, Inc. | Evan Sirlin, Ind | South Carolina Secretary Of State |
|---|---|---|
| 266 Merrick Road | 1344 Huckleberry Lane | 1205 Pendleton St., Ste. 525 |
| Lynbrook, NY 11563 | Hewlett, NY 11557 | Columbia, SC 29201 |

DEFENDANT(S)
_____

On _____ I was served with a Complaint requiring me to answer within thirty days from the date of service. My Answer, which is hereby filed with the **Charleston County Summary Court,** is as follows:

CHECK ONE:

    A. ☐ I contest the jurisdiction of the court based on the following: (use additional pages if necessary)
_____
_____
_____

    B. ☐ I admit everything in the complaint and do not want a trial.
    C. ☐ I admit that I am responsible, but not for the total amount claimed by the Plaintiff(s) because: (use additional pages if necessary) _____
_____
_____

    D. ☐ I deny that I am responsible at all because: (use additional pages if necessary)
_____
_____

## <u>YOU MUST FILE THIS DOCUMENT WITH THE COURT WITHIN THIRTY DAYS</u>

THE DEFENDANT/PLAINTIFF STATES THAT THE INFORMATION CONTAINED IN THIS ANSWER IS TRUE AND CORRECT TO THE BEST OF HIS/HER KNOWLEDGE.

DATED: _____

_____
SIGNATURE OF DEFENDANT(S)  (OR ATTORNEY)

**IF MORE THAN ONE DEFENDANT,  ALL MUST FILE ANSWER**

**PLEASE RETURN TO:**

**Small Claims – City**
**995 Morrison Drive, P. O. Box 941**
**Charleston, SC 29403**
**Phone: (843) 724-6720**

MV 2

# CHARLESTON COUNTY SMALL CLAIMS COURT
## INSTRUCTION SHEET

**ADDRESS:**      POST OFFICE BOX 941, 29402     995 MORRISON DRIVE, CHARLESTON, SC 29403

**PHONE:**      SMALL CLAIMS COURT DOWNTOWN     CALL (843) 724-6720

**HOURS:**      8:30 AM~4:30 PM Monday through Friday

**FILING:**      The filing and service of process fee is $80.00. There is an additional $10.00 charge for each additional defendant with a different address. The complaint and any attachments must be filed in DUPLICATE. The original for the Court, a copy for each Defendant(s). Please provide the court with a clear and accurate legal name and street address for the defendant, so that the summons and complaint can be served without delay. Route and box numbers are not acceptable. If filing against a business, determine whether or not the business is incorporated or privately owned. If privately owned, list owner's full legal name. If incorporated, list agent's name and address for service of process. If filing to collect an account or note, include duplicate copies of the statement of account, invoices, or note to verify the amount due and have your signature notarized. The jurisdictional limit in this court is $7,500.00.

**SUMMONS:**      The Small Claims Court issues a summons when the complaint is filed and the summons requires the defendant to answer the complaint within thirty (30) days after the date of service. The defendant must answer in writing and a clerk is available at the Small Claims Office to assist a party if needed.

   If the defendant has a claim against the plaintiff arising from the same facts, the defendant may file a counterclaim in writing with the court at the same time the answer is filed.

**DEFAULT:**      If the defendant does not answer within thirty (30) days after service of the summons and complaint, a judgment by default may be entered against the defendant.

**HEARING:**      The Court will schedule a hearing at the time the defendant files an answer. The parties must appear with any witnesses and evidence that are necessary to prove their cases. A WRITTEN, NOTARIZED, OUT OF COURT STATEMENT FROM A WITNESS CANNOT BE USED AS EVIDENCE. A WITNESS MUST APPEAR IN PERSON IN COURT TO TESTIFY. There is a charge of $8.00 per subpoena if issued by the court.

**JURY TRIAL:**      Either party has the right to request a jury trial and it must be submitted in writing at least five (5) working days prior to the date of the hearing.

**JUDGMENTS:**      A Transcript of Judgment will be issued with specific instructions about the enforcement of the Judgment. It may be recorded immediately at the Clerk of Court's Office. The Execution Against Property Order may be filed with the Charleston County Sheriffs Office thirty (30) days after notice of judgment. The recorded judgment will remain valid and enforceable for a period of ten (10) years and accrues interest at the rate of 12% from the date of judgment. When the judgment is satisfied, the plaintiff must notify the Clerk of Court's Office so that the judgment will be recorded as satisfied.

**POST TRIAL:**      A Motion for a New Trial must be received by this court in writing within five (5) days after notice of the judgment.

**APPEALS:**      An appeal must be filed in writing within thirty (30) days from the notification of the judgment date. There is a $150.00 filing fee and it must be filed with the Court of Common Pleas. The notice of appeal must be personally served on this court and on the opposing party within the same thirty (30) days.

R-02/04